LAW OFFICES OF TODD M. FRIEDMAN, P.C.
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
Suren N. Weerasuriya, Esq. (SBN: 278521)
sweerasuriya@attorneysforconsumers.com
Adrian R. Bacon, Esq. (SBN: 280332)
abacon@attorneysforconsumers.com
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228
*Attorneys for Plaintiff, Mike Marquez*

*Additional Attorneys On Signature Page*

UNITED STATES SUPERIOR COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE MARQUEZ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.: |
| | CLASS ACTION |
| Plaintiff, | COMPLAINT FOR VIOLATIONS OF: |
| v. | (1) CALIFORNIA PENAL CODE § 632.7 |
| QC FINANCIAL SERVICES, INC. and QC HOLDINGS, INC., | JURY TRIAL DEMANDED |
| Defendants. | |

INTRODUCTION

1.    MIKE MARQUEZ ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of QC FINANCIAL SERVICES, INC. ("Defendant QCF"), and QC HOLDINGS, INC. ("Defendant QCH"), and their related entities, subsidiaries and agents (Defendant QCF and Defendant QCH will be collectively referred to herein as "Defendants") in willfully

employing and/or causing to be employed certain recording equipment in order to record to the cellular telephone conversations of Plaintiff without the knowledge or consent of Plaintiff, in violation of California Penal Code §§ 630 *et seq*., thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to their own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by his attorneys.

2. California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the same conversation without the knowledge or consent of the other while the person being recorded is on a cellular phone. There is no requirement under California Penal Code § 632.7 that the communication be confidential.  Plaintiff alleges that Defendant continues to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

## JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. § 1332 because Plaintiff seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.  Further, Plaintiff, a resident of the State of California, alleges a California class, which will result in at least one class member belonging to a different state than that of Defendant, a company with State of Incorporation and principal place of business in Kansas, providing jurisdiction under 28 U.S.C. Section 1332. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

2. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant

is subject to personal jurisdiction in the County of Los Angeles, State of California.

PARTIES

3.    Plaintiff is a natural person residing in Los Angeles County in the State of California.

4.    At all relevant times herein, Defendants were companies engaged, by use of the mails and telephone, in the business of collecting debts which qualify as a "consumer debt," as defined by Cal Civ Code §1788.2(f).   Defendants regularly attempt to collect debts alleged to be due another, and therefore is a "debt collector" as defined RFDCPA, Cal Civ Code §1788.2(c).

5.    Defendants are full service accounts receivable management companies, and in the business of collecting debts on behalf of its clients.

FACTUAL ALLEGATIONS

6.    At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of the initial complaint, Defendants contacted Plaintiff via Plaintiff's cellular telephone number ending in -2074 in an attempt to collect an alleged outstanding debt owed by one Sandra Florez, who used Plaintiff as a reference when she applied for a loan.

7.    On or about March of 2015, Defendants contacted Plaintiff on Plaintiff's cellular telephone attempting to collect an alleged debt from the aforementioned Sandra Florez.  During this conversation, Defendants' agent, Lauren, failed to inform Plaintiff that their conversation was being recorded and monitored.  Plaintiff explained to Defendants that he personally knows Sandra Florez, but is unable to get in contact with her.  Lauren requested that Plaintiff give Sandra Florez a message to contact Defendants at (855)590-2840.

8.    Defendants contacted and communicated with Plaintiff in regards to an attempt to collect an alleged debt owed.  During this process, Defendants contacted Plaintiff via Plaintiff's cellular telephone. Defendants recorded the conversation between Defendant and Plaintiff, wherein it was attempting to collect a debt allegedly owed by Sandra Florez, without informing Plaintiff during the conversation that the conversation was being recorded.  At no time during the conversation did Plaintiff ever provide actual or constructive consent to Defendant to record the telephone call.

9.    Defendants recorded the conversation with Plaintiff without receiving consent from Plaintiff.  It is Defendants' pattern and practice to record outgoing calls, which are about individuals' finances and debt, made to California and throughout the United States without informing the individuals that the confidential communications are being recorded. Plaintiff was unaware that the phone calls Defendants made to him in California, allegedly to collect a debt, were recorded.  There was no pre-call recorded message.  Defendants' representatives never informed Plaintiff on at least one (1) occasion that the call was being recorded.

10.    It is Defendants' pattern and practice to record outgoing calls made to California residents.  The calls are about individuals' finances and debt. Defendants do not inform, or warn, the California residents, including Plaintiff, that the telephone calls may be or will be recorded.  Plaintiff was unaware that the phone calls Defendants made to him in California, allegedly to collect a debt, were recorded.  There was no pre-call recorded message.  The Defendants' representatives never informed Plaintiff that the calls were being recorded.

///
///
///

ACCRUAL OF RIGHTS TO PRIVACY CLAMS, CONTINUING VIOLATION, EQUITABLE TOLLING, AND FRAUDULENT CONCEALMENT

11.  Plaintiff did not discover, and could not discover through the exercise of reasonable diligence, the fact that Defendants were recording the phone calls it made to Plaintiff and members of the California Class without their knowledge or consent.

12.  Defendants concealed from Plaintiff and members of the California Class that it was recording the telephone calls between itself on the one hand and Plaintiff or other members of the California Class on the other hand.

13.  Defendants concealed the fact that it was recording the aforementioned phone calls to create the false impression in the minds of Plaintiff and members of the California Class that they were not being recorded.  At the outset of the phone calls there was no warning that the phone calls were, or even may, be recorded.  Such warnings are ubiquitous today.

14.  Plaintiff was justified in not bringing the claim earlier based on Defendants' failure to inform Plaintiff and other members of the California Class that the phone calls were being recorded.

CLASS ALLEGATIONS

15.  Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("The California Class").

16.  Plaintiff represents, and is a member of, "The California Class" defined as follows: "All persons in California whose outbound cellular telephone conversations were recorded without their consent by Defendants within one year prior to the filing of the original Complaint in this action."

17.  Defendants, and their employees and agents are excluded from The California Class.   Plaintiff does not know the number of members in The California Class, but believe this number to be in the tens of thousands, if

---

not more.  Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

18.  This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The California Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand The California Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

19.  The joinder of The California Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court.  The California Class can be identified through Defendants' records.

20.  There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to The California Class predominate over questions which may affect individual California Class members, including the following:

a.  Whether Defendants have a policy of recording outgoing calls;

b.  Whether Defendants have a policy of recording outgoing calls initiated to a cellular telephone;

c.  Whether Defendants disclose to callers and/or obtains their consent that their outgoing telephone conversations were being recorded;

d.  Whether Defendants' policy of recording outgoing calls to cellular telephones constituted a violation of California Penal Code § 632.7

e.  Whether Plaintiff, The California Class were damaged thereby, and the extent of damages for such violations; and

f.  Whether Defendants should be enjoined from engaging in such conduct in the future.

21.   Plaintiff is asserting claims that are typical of The California Class because every other member of The California Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $2,500 per violation pursuant to California Penal Code § 632.7.

22.   Plaintiff will fairly and adequately represent and protect the interests of The California Class in that Plaintiff has no interest antagonistic to any member of The California Class.   Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

23.   Plaintiff and the members of The California Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct.   Absent a class action, The California Class will continue to face the potential for irreparable harm.   In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct.   Because of the size of the individual California Class member's claims, few, if any, California Class members could afford to seek legal redress for the wrongs complained of herein.

24.   A class action is a superior method for the fair and efficient adjudication of this controversy.   Class-wide damages are essential to induce Defendants to comply with federal and California law.   The interest of The California Class members in individually controlling the prosecution of separate claims against Defendants are small because the maximum statutory damages in an individual action for violation of privacy are minimal.   Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

25.   Defendants have acted on grounds generally applicable to The California Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The California Class as a whole.

///

FIRST CAUSE OF ACTION

INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7

[BY PLAINTIFF AND THE CALIFORNIA CLASS MEMBERS AGAINST ALL DEFENDANTS]

26.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.   California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

28.   Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights.  California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone.  For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7

29.   As before, Defendants caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendants.

30.   Plaintiff is informed and believes, and thereupon alleges, that all these devices were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

31.   Said recording equipment was used to record the telephone conversations of Plaintiff and the members of The California Class utilizing cellular telephones, all in violation of California Penal Code § 632.7.

32. Based on the foregoing, Plaintiff and the members of The California Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2

33. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and The California Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

PRAYER FOR RELIEF

CLASS CLAIMS

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The California Class members the following relief against Defendants:

34. That this action be certified as a class action on behalf of The California Class and Plaintiff be appointed as the representative of The Class;

35. For $2,500 per violation of California Penal Code § 632.7 for Plaintiff and each member of The California Class;

36. Injunctive relief in the form of an order requiring Defendants to disgorge all ill-gotten gains and awarding Plaintiff, The California Class full restitution of all monies wrongfully acquired by Defendants by means of such unfair and unlawful conduct;

37. That the Court preliminarily and permanently enjoin Defendants from recording each and every oncoming and outgoing telephone conversation with California resident, including Plaintiff and The California Class, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and The California Class;

38. For exemplary or punitive damages;

39. For costs of suit;

40.     For prejudgment interest at the legal rate; and

41.     For such further relief as this Court deems necessary, just, and proper.

TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted on this 17th day of April, 2015.

LAW OFFICES OF TODD M. FRIEDMAN, PC

By:  s/Todd M. Friedman
TODD M. FRIEDMAN, ESQ.
ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN 279939)
ml@kazlg.com
245 Fischer Ave., Ste. D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

HYDE & SWIGART
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**